### WALTER v. BELDING.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

ACTION ON BUILDER'S CONTRACT—PLEADING—FRAUD.

A complaint alleged a contract of defendant to furnish the material and erect and finish in a workmanlike manner a house for plaintiff, and, except as thereinafter mentioned, defendant did so, and plaintiff paid him the whole contract price. It thereupon alleged as the exception that defendant "negligently, deceitfully, fraudulently, and wrongfully, and with intent to neglect, deceive, defraud, and wrong the plaintiff, used inferior material and performed inferior workmanship in and about the lath and plastering, * * * and used the said inferior material and performed the said inferior workmanship in such manner that plaintiff was unable to detect and discover the same at the time of said payments," and by reason thereof plaintiff was damaged, etc. *Held* to state a cause of action for fraud, and not for breach of contract.

Appeal from judgment on report of referee.

Action by Christina Walter against Frank Belding for fraud. From a judgment in favor of defendant entered on the report of a referee finding no cause of action, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Charles A. Stone, for appellant.
Edward R. Hall, for respondent.

KELLOGG, J. The learned referee seems to have interpreted the complaint in this action as stating only a cause of action based upon fraud. If he is right in that construction, then the judgment is right,

for clearly no fraud was proven. The action commenced in a justice court, and the rules applicable to pleadings in that court are invoked. If it can, by liberal construction, be seen that the pleader intended to state and prove an action upon contract and damages for a breach of contract, the nature of the action is not tortious. The character which the judgment must bear, whether enforceable by execution against the body or only against the property of the debtor, is the proper test of the nature of the action, and this test must necessarily be applied to the complaint without reference to the proof, for the proof is no part of the judgment roll. The complaint alleges a contract made by defendant to furnish the material, "erect and finish in workmanlike manner" for plaintiff a house; that he did erect a house according to contract, "except as hereinafter mentioned," and plaintiff paid defendant the full contract price. The exception mentioned is stated in this wise, and this is the cause of action:

"But that defendant, in erecting said building and furnishing materials therefor, negligently, deceitfully, fraudulently, and wrongfully, and with intent to neglect, deceive, defraud, and wrong this plaintiff, used inferior material and performed inferior workmanship in and about the lath and plastering, * * * and used the said inferior material and performed the said inferior workmanship in such manner that plaintiff was unable to detect and discover the same at the time of said payments; and by reason of said negligent, deceitful, and wrongful acts of this defendant plaintiff was induced to pay to defendant the said price of said building in full, * * * and by reason of plaintiff's being induced to pay in full as aforesaid this plaintiff was damaged," etc.

There are no other allegations in the complaint which can be properly used to qualify this principal allegation. From this it would appear that through deception practiced by defendant unearned money was obtained from the plaintiff. She seeks to have that money returned. I am of the opinion that, if plaintiff should prevail, she would be entitled to a judgment enforceable by execution against the defendant's body. It would be a judgment for obtaining money wrongfully and by fraudulent practices. It cannot be confined to the simple proportions of an action for breach of contract, the elements of a complaint in which are wholly embraced in alleging the contract, failure to perform, payment in advance, or payment in ignorance of the failure. I have reluctantly reached the conclusion that the judgment appealed from should be affirmed, with costs. All concur.